UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE D. RIVERS,

                Plaintiff,

       -against-

MULTACOM CORPORATION;
DAWGPOUND.COM,

           Defendants.

24-CV-5585 (LTS)

ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Maurice D. Rivers, who is currently detained at a jail located in Iredell County, North Carolina, appears *pro se*. He names as Defendants Multacom Corporation and Dawgpound.com and alleges that individuals associated with these defendants uploaded intimate videos of Plaintiff to Facebook. By order dated September 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons set forth in this order, the Court dismisses Plaintiff's claim seeking the prosecution of Defendants, as well as his claims brought under the Americans with Disabilities Act and the Fourteenth Amendment. The Court also orders Plaintiff to show cause why his remaining claims should not be dismissed as untimely. Finally, the Court denies without prejudice Plaintiff's application requesting the appointment of *pro bono* counsel.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff initiated this action without submitting a prisoner authorization. The Court directed Plaintiff to submit the authorization, which he did on August 20, 2024.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint.[2] From 2009 to 2012, two individuals

associated with Defendant Dawgpound.com – Jerry and Roy – "made flight arrangements for the

Plaintiff to do a 'shoot' in New York City." (ECF 1, at 2.) On an unspecified date, Plaintiff met

Jerry and Roy in New York City where they provided Plaintiff with money for his hotel and

food; Plaintiff "used the money instead for the purchase of crack cocaine." (*Id.* at 3.) The

following day, at the scheduled time for the shoot, "Plaintiff requested to be let [go] to go back

home to N.C." (*Id.*) Jerry and Roy, however, "refused to let [Plaintiff] leave the apartment unit

and over the course of the next few hours they coerced, manipulated enticed the Plaintiff with

more money, liquor, and drugs." (*Id.* at 3-4.) They also informed Plaintiff that they "would not

provide a flight back home nor money." (*Id.* at 4.) "Plaintiff was finally forced into signing a

release and engaging in sexual behaviors and acts against his will and better judgment." (*Id.*)

On an unspecified date, "[a] Facebook profile was created (a fictitious one) that

befriended all of the Plaintiff's friends classmates and relatives and exposed the pornographic

material created with the company DawgpoundUSA.com." (*Id.* at 5.) Plaintiff contends that he

"has been exploited, robbed of his privacy, and tortured because of the video(s) in question."

(*Id.*) He asserts claims under the Americans with Disabilities Act ("ADA"), alleging that he

suffers from a disability – addiction to narcotics – and that Defendants' conduct violated the

---

[2] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as
in the original unless noted otherwise.

ADA. He also claims that Defendants violated his Fourteenth Amendment right to be "protected from discrimination for sexual preferences."[3] (*Id.* at 6.)

For relief, Plaintiff seeks money damages, including "proceeds from the video he was forced into making." (*Id.* at 7.) He also seeks the removal of the videos and the criminal prosecution of Defendants.

## DISCUSSION

### A.    Criminal Prosecution of Defendants

Plaintiff's claim seeking the prosecution of Defendants is dismissed because there is no private right of action under any federal criminal statute to direct the prosecution of another individual or entity. "[T]he decision to prosecute is solely within the discretion of [a] prosecutor," *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981), who possesses discretionary authority to bring criminal actions. Accordingly, prosecutors are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Thus, the Court dismisses Plaintiff's claim seeking the criminal prosecution of Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### B.    Americans with Disabilities Act

Plaintiff invokes the ADA as a basis for his claims, but Plaintiff has alleged no facts indicating that he can seek relief under this statute. The ADA consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities, such as state and local

---

[3] Plaintiff also references the Universal Declaration of Human Rights, which does not provide a private right of action. *See Joyner-El v. Giammarella*, No. 09-CV-3731, 2010 WL 1685957, at *3 n.4 (S.D.N.Y. Apr. 15, 2010) (noting that the United Nation's Universal Declaration of Human Rights does not create a federal cause of action).

governments; and Title III, 42 U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to public accommodations operated by private entities. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001).

Even assuming that Plaintiff was disabled as defined in the ADA, the complaint does not state any facts suggesting a claim under any part of the ADA: the claims do not concern employment, a public entity, or a public accommodation. The Court therefore dismisses the claims brought under the ADA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Fourteenth Amendment Claim**

Because Plaintiff invokes the Fourteenth Amendment, the Court construes the complaint as asserting this claim under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendants are private parties, and not a state or other government body, Plaintiff has not stated a claim against Defendants under Section 1983. The Court therefore dismisses Plaintiff's claims under the Fourteenth Amendment for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Violence Against Women Reauthorization Act**

The Court construes the complaint as asserting a claim under the Violence Against

Women Reauthorization Act of 2022 ("VAWA"), 15 U.S.C. § 6851, which became effective as

of October 1, 2022, and provides a private right of action for

> an individual whose intimate visual depiction is disclosed, in or affecting
> interstate or foreign commerce or using any means or facility of interstate or
> foreign commerce, without the consent of the individual, where such disclosure
> was made by a person who knows that, or recklessly disregards whether, the
> individual has not consented to such disclosure.

15 U.S.C. § 6851(b)(1)(A).[4]

Courts have held that a plaintiff asserting a claim under VAWA must file an action

within three years of the events giving rise to the claim. *See Ericson v. Syracuse Univ.*, 35 F.

Supp. 2d 326, 330 (S.D.N.Y. 1999) (holding that "a VAWA cause of action is most analogous to

a personal injury claim" under New York state law, and subsequently, the three-year statute of

limitation period for such state law claims applies to claims brought under VAWA).[5]

Here, Plaintiff's allegations suggest that the individuals associated with Defendants

uploaded pornographic videos to Facebook between the dates of 2009 and 2012. As Plaintiff

filed his complaint on July 19, 2024, his VAWA claims are time-barred.

---

[4] The Court notes that this new private right of action under VAWA's reauthorization
was not in effect at the time of the events giving rise to Plaintiff's claims, which Plaintiff alleges
occurred sometime between 2009 and 2012. The Court does not address, at this time, whether the
reauthorized VAWA would apply to the conduct alleged in the complaint.

[5] The VAWA statute does not have its own statute of limitation period calculating the
time by which a plaintiff must file his complaint. "Accordingly, [courts] must look to the most
appropriate or analogous state statute of limitations." *Ericson*, 35 F. Supp. 2d at 329 (citation and
quotation marks omitted). Courts in New York have concluded that VAWA's statute of
limitations is three years.

**E.    Order to Show Cause**

Because the failure to file an action within the relevant limitations period is a basis for an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), a plaintiff is generally not required to plead that his claims are timely filed, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal *sua sponte* is appropriate, however, where the existence of an affirmative defense, such as untimeliness, is plain from the face of the complaint. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011). The Second Circuit has cautioned district courts, however, not to dismiss a *pro se* action *sua sponte* on statute of limitations grounds without giving the *pro se* litigant notice and an opportunity to be heard. *See Abbas*, 480 F.3d at 640.

The Court therefore directs Plaintiff to file a declaration within 30 days of the date of this order, stating why the complaint should not be dismissed as time-barred. Plaintiff may include any facts showing that the Court should apply the doctrine of equitable tolling. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (holding that equitable tolling of the statute of limitations is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights," and to obtain the benefit of equitable tolling, a plaintiff must show (1) that he acted with reasonable diligence during the time period tolled, and (2) that extraordinary circumstances justify the application of the doctrine).

**F.    Application for the Appointment of Counsel**

The factors to be considered in ruling on a plaintiff's request for the appointment of counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877

F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Court directs Plaintiff to file a declaration within 30 days of the date of this order showing why his VAWA claims should not be dismissed as time-barred. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Declaration," and label the document with docket number 24-CV-5585 (LTS). A declaration form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed as time-barred by the statute of limitations.

Plaintiff's ADA and Section 1983 claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

No summons shall issue at this time. The Court denies Plaintiff's motions seeking subpoenas and discovery (ECF 7-8, 10) and his motion for the appointment of counsel (ECF 3, 11), without prejudice to renewal at a later date. The Clerk of Court is directed to terminate these motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 14, 2024
          New York, New York

                                             /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____  CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)               Signature

_____          _____
Name                                       Prison Identification # (if incarcerated)

_____  _____  _____  _____
Address                            City           State       Zip Code

_____          _____
Telephone Number (if available)            E-mail Address (if available)