UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE D. RIVERS,

               Plaintiff,

         -against-

"JERRY AND ROY";
DAWGPOUNDUSA.COM AND ITS
AFFILIATES,

               Defendants.

24-CV-5585 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action

alleging that Defendants violated his rights. By order dated March 24, 2025, the Court granted

Plaintiff leave to amend his complaint to address deficiencies in his original pleading. Plaintiff

filed an amended complaint on April 14, 2025. For the following reasons, the Court dismisses

the claims asserted in the amended complaint without prejudice.

## BACKGROUND

This action concerns the alleged uploading of pornographic videos of Plaintiff to

Defendant Dawgpound.com from 2009 to 2012. Plaintiff initially brought this action against

Dawgpound.com and "Mutltacom Corporation," entities that appeared to be platforms for these

videos. By order dated November 19, 2024, the Court construed Plaintiff's claims as arising

under the Violence Against Women Reauthorization Act ("VAWA") and directed Plaintiff to file

a declaration showing why the claims should not be dismissed as time barred. (ECF 14.) On

December 10, 2024, Plaintiff filed a declaration, indicating that the alleged VAWA violations are

ongoing. (ECF 15.) On January 13, 2025, Plaintiff submitted a supplemental pleading, but he did

not name any defendants. (ECF 17.) Because Plaintiff indicated in his declaration that the

VAWA violations were ongoing, but he had not provided enough information regarding the Defendants' identities and/or addresses, the Court granted Plaintiff 30 days' leave to file an amended complaint. On April 14, 2025, Plaintiff filed an amended complaint. (ECF 21.) The following facts are drawn from that pleading.[1]

In 2009, Plaintiff met Defendants Jerry and Roy. (*Id.* at 12.) "On an unspecified date, . . . 'Jerry and Roy,' who represent the company DawgpoundUSA and it[]s affiliates[,] made travel arrangements for the plaintiff from Charlotte NC to New York City, to produce and promote commercial pornography." (*Id.* at 8.) Plaintiff traveled to New York to participate, but on "the day of the 'shoot,'" after consuming copious amounts of alcohol and narcotics, Plaintiff "had a change of heart and mind due to shame, exhaustion, paranoia, drug-induced psychosis, deep anxieties and depression, and withdrawals related to drug abuse." (*Id.* at 8-9.) Plaintiff indicates that he asked Jerry and Roy to take him to the airport. Instead, the two brought him to an apartment where he was "held captive for the next 12-15 hours, kidnapped." (*Id.* at 9.) He "was [then] coerced with promises of more money to produce the scene . . . and [he] engaged in the sexual acts that the defendants' recorded and uploaded to their website DawgpoundUSA and its affiliates." (*Id.* at 10.) "Afterwards, I was driven to two separate locations in NY, where I was forced to strip nude and take photographs that . . . created content for the defendants' website." (*Id.*)

Plaintiff claims that "[t]he images are being sold distributed by the company online who I have not had any contact with since[.]" (*Id.* at 11.) He asserts that, "[b]ecause of these fraudulently obtained images[,] I have been subjected to ridicule, los[s] of a social life, a family

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

life[.]" (*Id.* at 10-11.) He further asserts that he is "only coming to reality after a decade and a half of addiction related mental health illness, and I seek to recover my life." (*Id.* at 12.)

**DISCUSSION**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

In the Court's order granting Plaintiff leave to amend his complaint, the Court found that Plaintiff had not provided enough information for the Court or Defendants to determine whether the allegations plausibly suggested that Plaintiff was entitled to relief. The amended complaint, although not suffering from this same deficiency, is still deficient, as Plaintiff does not provide any identifying information regarding Dawgpound.com, except its name, or include facts on which the Court could rely to assist Plaintiff in identifying Jerry and Roy.[2] Although the Court is

---

[2] As of the date of this order, the domain name for Dawgpound.com is for sale on GoDaddy:
https://www.afternic.com/forsale/dawgpound.com?utm_source=TDFS_DASLNC&utm_medium=parkedpages&utm_campaign=x_corp_tdfs-daslnc_base&traffic_type=TDFS_DASLNC&traffic_id=daslnc& (https://perma.cc/NKL7-979D).

required to assist Plaintiff in identifying a defendant under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), this duty extends to cases where an entity can locate the name and address of a defendant. Here, Plaintiff does not provide any information for the Court to direct any entity to identify Defendants.

Accordingly, because Plaintiff does not provide sufficient information regarding the identities of Defendants, or where they may be served, the Court dismisses this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of the seriousness of the allegations, however, the Court dismisses these claims without prejudice to Plaintiff's moving to reopen this action should he become able to provide identifying information for Defendants, including an address where each defendant may be served.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's moving to reopen this action should he learn of identifying information for the defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    March 23, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4